Case 2:19-cv-00342   Document 15   Filed on 03/12/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 12, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHRISTOPHER JOESPH DOWNUM, §
§
    Plaintiff, §
VS. § CIVIL ACTION NO. 2:19-CV-342
§
CITY OF ROCKPORT, *et al*, §
§
    Defendants. §

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Christopher Joseph Downum, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate presently confined at the Aransas County Detention Center in Rockport, Texas.

In his original complaint, Plaintiff named the following defendants: (1) The City of Rockport; (2) Deputy Chief Armondo Chappa; (3) Rebecca Cole; (4) Property Officer Karren Alverado; (5) Kristie Dreikorn; and (6) Sheriff Bill Mills. (D.E. 1). Plaintiff presented his claims in a confusing and haphazard fashion. In an Order entered on January 15, 2020, the undersigned noted that it was unclear what claims Plaintiff sought to raise and whether such claims were related to the extent they could be joined in one action. (D.E. 11, 2).

Due to the difficulty in evaluating Plaintiff's claims, the undersigned ordered Plaintiff to file an amended complaint and present all his claims therein. (D.E. 11, p. 2). The undersigned provided Plaintiff with detailed instructions in presenting his claims in a clear and concise fashion. (D.E. 11, pp. 2-3). The undersigned included instructions

directing Plaintiff to list the defendants he sought to sue in this action, explain what each defendant did to violate his rights, provide specific facts to support each claim, explain when the events occurred and how Plaintiff was harmed, and list the specific remedies he seeks as to each defendant. (D.E. 11, p. 3). Plaintiff was warned that his failure to comply with each of the instructions in the January 15, 2020 Order may result in the dismissal of this action for want of prosecution and failure to comply with court orders. (D.E. 11, p. 3).

On February 4, 2020, Plaintiff filed his amended complaint, naming the following defendants: (1) Police Detective Garcia; (2) Sheriff Bill Mills; (3) Deputy Sheriff Matt Murphey; (4) Officer Bryan Cantu; (5) Officer Garette Colten; and (6) Officer Chad Brooks. (D.E. 13, pp. 1, 3). A review of Plaintiff's amended complaint reflects that he has failed to correct many of the deficiencies identified with respect to his original complaint.

While providing additional allegations, Plaintiff again presents his claims in a confusing and haphazard fashion. While appearing to challenge his current detention, Plaintiff complains in an unintelligible manner that Sheriff Mills is the head of "an organized crime faction by coercive community wide envolvement [sic]." (D.E. 13, p. 3). With respect to the defendants named in the amended complaint, Plaintiff alleges in a conclusory manner that they committed acts of domestic terrorism, illegal search, false arrest, conspiracy, theft of property, and refusal to perform their official duties. (D.E. 13, p. 7).

Plaintiff has attached to his amended complaint several pages in which he presents

various confusing and often times nonsensical allegations against some defendants named in his original complaint, some defendants named in his amended complaint, and other individuals including family members.  (D.E. 13, pp. 8-24).  In addition, Plaintiff again has attached numerous exhibits to the complaint which refer to matters unrelated to the allegations set forth in his amended complaint and attached pages.  A review of these exhibits reveals various complaints from Plaintiff about the actions of prison officials not named as defendants. (D.E. 13-1, 13-2).

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.,* 589 F.2d 243, 247-48 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978).

In not addressing the deficiencies identified with respect to his original complaint, Plaintiff's amended complaint fails to comply with the instructions provided to him in the January 15, 2020 Order.  He has not clearly identified the defendants he seeks to sue, set forth his supporting allegations with specificity and clarity, explain in any coherent sense

how the defendants violated his rights, or state the specific relief he seeks as to each defendant named.  Plaintiff has been previously warned in the January 15, 2020 Order that this action may be dismissed for failure to comply with court orders.  Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

ORDERED this 12th day of March, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).