Case 2:19-cv-00342   Document 19   Filed on 05/19/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOESPH DOWNUM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-342 |
| | § | |
| CITY OF ROCKPORT, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO RECONSIDER**

Plaintiff Christopher Joesph Downum, a Texas inmate appearing *pro se* and *in forma pauperis*, had filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's Motion to Reconsider. (D.E. 18). For the reasons stated below, it is respectfully recommended that Plaintiff's motion be **DENIED**.

**I.   BACKGROUND**

Plaintiff is an inmate presently confined at the Aransas County Detention Center in Rockport, Texas. In his original complaint, Plaintiff named the following defendants: (1) The City of Rockport; (2) Deputy Chief Armondo Chappa; (3) Rebecca Cole; (4) Property Officer Karren Alverado; (5) Kristie Dreikorn; and (6) Sheriff Bill Mills. (D.E. 1). Plaintiff presented his claims in a confusing and haphazard fashion. In an Order entered on January 15, 2020, the undersigned noted that it was unclear what claims Plaintiff sought to raise and whether such claims were related to the extent they could be joined in one action. (D.E. 11, 2).

Due to the difficulty in evaluating Plaintiff's claims, the undersigned ordered Plaintiff to file an amended complaint and present all his claims therein. (D.E. 11, p. 2). The undersigned provided Plaintiff with detailed instructions in presenting his claims in a clear and concise fashion. (D.E. 11, pp. 2-3). The undersigned included instructions directing Plaintiff to list the defendants he sought to sue in this action, explain what each defendant did to violate his rights, provide specific facts to support each claim, explain when the events occurred and how Plaintiff was harmed, and list the specific remedies he seeks as to each defendant. (D.E. 11, p. 3). Plaintiff was warned that his failure to comply with each of the instructions in the January 15, 2020 Order may result in the dismissal of this action for want of prosecution and failure to comply with court orders. (D.E. 11, p. 3).

On February 4, 2020, Plaintiff filed his amended complaint, naming the following defendants: (1) Police Detective Garcia; (2) Sheriff Bill Mills; (3) Deputy Sheriff Matt Murphey; (4) Officer Bryan Cantu; (5) Officer Garette Colten; and (6) Officer Chad Brooks. (D.E. 13, pp. 1, 3). Plaintiff's amended complaint failed to correct many of the deficiencies identified with respect to his original complaint. While providing additional allegations, Plaintiff again presented his claims in a confusing and haphazard fashion. While appearing to challenge his current detention, Plaintiff complained in an unintelligible manner that Sheriff Mills is the head of "an organized crime faction by coercive community wide envolvement [sic]." (D.E. 13, p. 3). With respect to the defendants named in the amended complaint, Plaintiff alleged in a conclusory manner

that they committed acts of domestic terrorism, illegal search, false arrest, conspiracy, theft of property, and refusal to perform their official duties. (D.E. 13, p. 7).

Plaintiff attached to his amended complaint several pages in which he presented various confusing and often times nonsensical allegations against some defendants named in his original complaint, some defendants named in his amended complaint, and other individuals including family members. (D.E. 13, pp. 8-24). In addition, Plaintiff again attached numerous exhibits to the complaint which referred to matters unrelated to the allegations set forth in his amended complaint and attached pages. A review of these exhibits revealed various complaints from Plaintiff about the actions of prison officials not named as defendants. (D.E. 13-1, 13-2).

On March 12, 2020, the undersigned entered a Memorandum and Recommendation ("M&R") recommending that his complaint be dismissed without prejudice pursuant to Rule 41(b). (D.E. 15). Plaintiff did not file objections to the March 12, 2020 M&R. On April 23, 2020, United States District Judge Nelva Gonzales Ramos adopted the M&R and entered final judgment in this case. (D.E. 16, 17).

In his pending motion, Plaintiff makes incomprehensible statements about being detained without bond, being attacked by gang members at the direction of Rockport Police Department officials, and an attempted murder crime. Plaintiff asks that the Court not dismiss any previous filing and await a new lawsuit. The undersigned construes Plaintiff's motion as seeking reconsideration of the Court's April 23, 2020 Order and Final Judgment.

**II.     DISCUSSION**

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). On May 15, 2020, the Court received Plaintiff's Motion for Reconsideration and the envelope is post-marked May 14, 2020. (D.E. 18).

Pursuant to the prison mailbox rule, the undersigned finds that Plaintiff's motion was filed in this Court on May 14, 2020.[1] Because Plaintiff filed his motion within twenty-eight (28) days of the entry date of the final judgment, the undersigned will construe his motion as one arising under Rule 59(e).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

---

[1] *Pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

In his Rule 59(e) motion, Plaintiff presents no specific argument to demonstrate that a manifest error of law or fact has occurred. Because Plaintiff is not entitled to any relief with respect to the final judgment entered against him, his Rule 59(e) motion should be denied.

### III.   RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Reconsideration, construed as a Rule 59(e) motion (D.E. 18), be **DENIED**.

ORDERED this 19th day of May, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).